UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY YBARRA,

          Plaintiff,

     v.                                   CAUSE NO. 3:19-CV-1122-DRL-MGG

RON NEAL,

          Defendant.

## OPINION AND ORDER

Randy Ybarra, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Ybarra alleges that, since March 22, 2019, he has been housed in the protective custody unit at the Indiana State Prison. There, Mr. Ybarra cannot exercise in his cell due to limited floor space. Further, in this unit, correctional staff do not allow him to leave his cell on Fridays or as punishment for conduct reports, which they impose without providing him with a hearing. They have also informed him that they intend to reduce his out of cell time to two hours per day and five days per week. For his claims, Mr. Ybarra seeks money damages and injunctive relief.

Mr. Ybarra asserts an Eighth Amendment conditions of confinement claim against Warden Neal regarding the size of his cell and the amount of time he is allowed out of his cell. In evaluating

an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and inmates cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). Additionally, for constitutional claims under 28 U.S.C. § 1983, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Mr. Ybarra does not describe how Warden Neal was personally involved with his claim. Therefore, he may not proceed against him in his individual capacity for money damages.

Mr. Ybarra also asks not to be transferred to another facility and to be allowed out of his cell for three hours per day. Notably, "[t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Therefore, injunctive relief, if granted, must be limited to ordering the defendants to remedy Mr. Ybarra's housing conditions to the extent required by the Eighth Amendment. Although the court questions whether a claim exists here, at this stage of screening it cannot say that it is devoid of merit. Accordingly, Mr. Ybarra may proceed on the injunctive relief claim against Warden Neal in his official capacity to the extent an Eighth Amendment claim exists.

For these reasons, the court:

(1) GRANTS Randy Ybarra leave to proceed on an injunctive relief claim against Warden Neal in his official capacity to allow him the amount of time out of his cell in the protective custody unit required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden Neal at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Randy Ybarras has been granted leave to proceed in this screening order.

SO ORDERED.

January 6, 2020

*s/ Damon R. Leichty*
Judge, United States District Court